UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO.:

ANDRES GOMEZ,

       Plaintiff,

v.

SOKAI GROUP INC,

       Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF - CLASS ACTION**

Plaintiff, ANDRES GOMEZ, on his own behalf and on behalf of all others similarly situated, by and through her undersigned counsel, hereby files this Class Action Complaint against Defendant, SOKAI GROUP INC, doing business as SOKAI SUSHI BAR, and states as follows:

**INTRODUCTION**

1.    Plaintiff, ANDRES GOMEZ, (Plaintiff) brings this action against Defendant, SOKAI GROUP INC ("Defendant" or "SOKAI SUSHI BAR"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et.seq.,* ("ADA").

2. Plaintiff is a blind individual. He brings this civil rights action against Defendant for offering and maintaining an internet website that is not fully accessible and independently usable by visually impaired persons. Plaintiff has visited Defendant's website (http://sokaisushi.com/) (the "Website") to make reservations for dinner in Miami, Florida.

3. Defendant offers its restaurant-related website to the general public and as such, has subjected itself to the ADA. Defendant's website is offered as a tool that is heavily integrated with the Defendant's brick and mortar restaurant location(s) to, among other things, view menu options, determine location information, learn of specials, promotions and events and to make reservations for its brick and mortar location(s). As a result, the website must interact with Defendant's services, physical location(s), etc., and in doing so must comply with the ADA, which means that it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.

4. Blind and visually impaired consumers use screen reading software or other assistive technologies in order to access website content. Defendant's website, however, contains, digital barriers, limiting the ability of blind and visually impaired consumers to access their content including the Defendant's online menu, reservation system, event listings and to communicate electronically with Defendant.

5. Defendant's website does not properly interact with screen reader software in a manner that will allow the blind and visually impaired to enjoy the website, nor does the site provide other means to accommodate the blind and visually impaired.

6. Within the applicable limitations period, Plaintiff has visited Defendant's website multiple times in the past in an attempt to online menu, reservation system, event listings and to

communicate electronically with Defendant, all in conjunction with visits to Defendant's physical restaurant in the future. Plaintiff has plans to visit Defendant's website in the immediate future to determine specials and events, make reservations and take advantage of Defendant's offers to the general public. However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff and the proposed Class of persons who are blind and visually impaired will continue to be denied full and equal access to the website and related physical restaurant as described, and will be deterred from fully using Defendant's website in conjunction with its physical location(s).

7. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. The ADA provides, in part:

> [i]n the case of violations of …this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities…Where appropriate, injunctive relief shall also include requiring the …modification of a policy…

42 U.S.C. § 12188(a)(2)

8. Therefore, Plaintiff seeks a declaration that Defendant's website violates federal law as described and an injunction requiring Defendant to modify its website, to include third party vendors, so that it is fully accessible to, and independently usable by blind and visually impaired individuals. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant's website to remain in compliance with the law.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

10. Plaintiff's claims arose in this judicial district and Defendant does substantial business in this judicial district. Specifically, on several separate occasions, Plaintiff attempted to navigate Defendant's website using a screen reader program to access the Defendant's menu, event listings, reservation system and to become familiar with the goods and services of Sokai Sushi Bar in conjunction with its physical location(s).

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district where the acts and omissions giving rise to the claims occurred.

12. Furthermore, the Defendant engaged in regular and ongoing solicitation of customers throughout the United States, Florida and Miami-Dade County for its physical location(s). These activities were continuous, 24 hours per day and were substantial and are subject to jurisdiction of the courts of the State of Florida pursuant to FLA STAT. §48.193(2).

**PARTIES**

13. Plaintiff is *sui juris* and at all times mentioned herein resident of the State of Florida and Miami-Dade County. He has been blind legally blind at all relevant times and is therefore a member of a protected class under the ADA. Plaintiff is therefore a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et. seq.*

14. Defendant is a Florida Corporation, with its principal address listed as 10141 W. FLAGLER ST, #D130-140, MIAMI, FL 33172. Defendant, either individually or through its subsidiaries and/or partners and affiliates, owns, operates and/or maintains the Sokai Sushi Bar

restaurants located in various towns throughout Miami-Dade County, Florida. The Defendant also owns and operates a website for its physical location(s), which offers such services to the public, as listing specials and events, providing menu items and costs, providing links to reservation systems and online ordering and assistance with locating the physical location(s) of the restaurant.

15. The physical restaurant, owned by Defendant, TOMASA CORPORATION, and the accompanying website solicits and offers services, to include within South Florida, to the public. The restaurant and website work collectively and are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

16. Other similarly disabled persons as Plaintiff are qualified individuals with disabilities under the ADA. Other similarly disabled persons share Plaintiff's discrimination based on the fact that they are visually disabled and require the use of various screen reader programs in order to efficiently and effectively navigate Defendant's website.

17. The access barriers on Defendant's website have deterred Plaintiff from visiting the restaurant and enjoying the goods and services provided to restaurant guests.

18. Plaintiff believes that the violations detailed herein will not be corrected without court interventions, and thus, Plaintiff and the proposed Class of customers, who are blind and visually impaired will continue to suffer actual harm, and the violations threaten real and imminent injury in the near future.

19. Defendant's physical location(s) are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and its website is a service, privilege, or advantage of Defendant's restaurant location(s).

**CLASS ALLEGATIONS**

20. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services during the relevant statutory period"

21. Plaintiff seeks certification of the following Florida subclass pursuant to Fed.R.Civ. P. 23(a), 23(b)(2) and alternatively, 23(b)(3): "all legally blind individuals in the State of Florida who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services during the relevant statutory period."

22. Excluded from the Class are Defendant, and any of its officers, directors or employees, the presiding judge, and members of their immediate families.

23. The prerequisite for a Class to be certified are numerosity, typicality, common questions of law and fact and adequacy of representation.

24. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court and will facilitate judicial economy.  Fed. R. Civ. P. 23(a).

25. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

26. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all

have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

27.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of litigation under the ADA.

28.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

**FACTS**

29.     Defendant either owns, operates and/or controls the Website which offers services related to and heavily integrated with its physical location(s) which offer such services as listing specials and events, providing menus and pricing, making reservations, providing electronic communication, and locating the physical location(s) of Sokai Sushi Bar.

30.     Blind and visually impaired individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio.  Screen reader software provides the primary method by which a visually impaired person my independently use the internet.  Unless websites are designed to be accessed with screen reader software, visually

impaired individuals are unable to fully access websites and the information, products and services through the sites.

31. The international website standards organization, WC3, has published WCAG 2.0 AA (version 2.0 of the Web Content Accessibility Guidelines). WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities and compatible with screen reader software. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

32. Plaintiff uses screen reader software in order to access a website's content. However, despite numerous attempts, Defendant's website did not integrate with Plaintiff's software, nor was there any function within the website to permit access for blind persons through other means. Plaintiff was denied the full use and enjoyment of the full use and enjoyment of the facilities and services available on Defendant's website as a result of access barriers on the website in conjunction with Plaintiff's use and patronage of Defendant's brick and mortar restaurant location(s).

33. Defendant's website does not meet the WCAG 2.0 AA level of accessibility.

34. By failing to adequately design its website to accurately and sufficiently integrate with screen reader software. Defendant has discriminated against Plaintiff on the basis of denying his full and equal enjoyment of the website and public accommodation, in violation of 42 U.S.C. 12182(a) and C.F.R. § 36.201.

35. As a result of Defendant's discrimination, Plaintiff was unable to use Defendant's website and suffered an injury in fact including loss of dignity, mental anguish and other tangible injuries.

36. The barriers at the website have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff from attempting to use Defendant's website itself, and in conjunction with its brick and mortar location(s).

37. If Defendant's website were accessible, Plaintiff could independently learn of specials, promotions and events, view menu options and pricing, place an online order, make online reservations and determine location information regarding Defendant's physical restaurant location(s), and the other functions offered through the website.

38. Although Defendant may have centralized policies regarding maintenance and operation of the website, Defendant has never had a plan or policy that is reasonable calculated to make its website fully accessible to and independently useable by blind persons.

39. Without injunctive relief, Plaintiff and other blind individuals will continue to be unable to independently use Defendant's website in violation of their rights under the ADA.

## COUNT ONE—VIOLATION OF TITLE III OF ADA

40. The allegations contained in the previous paragraphs are incorporated by reference.

41. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et. seq.,* provides: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, facilities, privileges, advantages or accommodations of any place of public accommodation by any persons who owns, leases, (or leases to), or operates a place of public accommodation."  42 U.S.C. 12182(a).

42. Defendant's physical restaurant location(s) and accompanying website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. §12181 (7)(F).

43. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(A)(1).

44. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

45. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

[a] failure to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden

42 U.S.C. § 12182 (b)(2)(A); see also 28 C.F.R. § 36.303(a)

46. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. 28 C.F.R. § 36.3033(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including accessible electronic and information technology; or

other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303 (b).

47. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and is substantially limited in the major life activity of seeing, within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's website. Plaintiff has not been afforded the services, privileges and advantages that are provided to other patrons who are not disabled, and/or have been provided services, privileges and advantages that are inferior to those provided to non-disabled persons. These violations are ongoing as Defendant has failed to make any prompt and equitable changes to its website and policies to remedy its discriminatory conduct.

48. Pursuant to the ADA and remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgement that at the commencement of this action, Defendant is in violation of the specific requirements of Title III of the ADA, described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its website was fully accessible to and independently useable by blind individuals;

b. A permanent injunction pursuant to 42. U.S.C. § 12188(a)(2), 29 U.S.C.A. § 794a, 28 C.F.R. § 36.504(a), and 29 U.S.C.A. § 794a which directs Defendant to take all steps necessary to bring its website into full compliance with the requirements of the ADA, and both

statutes' implementing regulations, so that their website is full accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

   c.  An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

   d.  Payment of attorneys' fees and costs incurred in this lawsuit pursuant to 42 U.S.C. § 12205, 29 U.S.C.A. § 794a and 28 CFR § 36.505; and,

   e.  Any further relief that the Court deems just, equitable and appropriate.

Dated: August 1, 2019

                 Respectfully submitted,

                 */s/ J. Courtney Cunningham, Esq.*
                 J. Courtney Cunningham, Esq.
                 Co-Counsel for Plaintiff
                 J. COURTNEY CUNNINGHAM, PLLC
                 FBN:  628166
                 8950 SW 74th Ct., Suite 2201
                 Miami, FL 33156
                 T:  305-351-2014
                 cc@cunninghampllc.com

                 **The Advocacy Group**
                 *Co-Counsel for Plaintiff*
                 200 S.E. 6th Street, Suite 504
                 Fort Lauderdale, FL 33301
                 Telephone: (954) 282-1858
                 Service Email: service@advocacypa.com

                 By */s/ Jessica L. Kerr*
                 Jessica L. Kerr, Esq.
                 Fla. Bar No. 92810